UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00037-9-JRG |
| | ) | |
| DEVIN DEONTE BLALOCK | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Devin Deonte Blalock's Pro Se Motion for Reduction of Sentence Pursuant to Section 404 of the 'FSA' of 2018 [Doc. 744] and the United States' Response in Opposition [Doc. 747]. For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

In 2014, Mr. Blalock pleaded guilty to conspiring to distribute or possess with the intent to distribute at least 280 grams of a mixture or substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C §§ 846 and 841(a)(1), (b)(1)(B). [Plea Agreement, Doc. 221, at 1; Minute Entry, Doc. 247]. The Court sentenced him to 120 months' imprisonment, [J., Doc. 345, at 2], a mandatory minimum sentence under § 841(b)(1)(A). Acting pro se, Mr. Blalock now moves the Court to reduce his sentence under the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018). The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Blalock's motion.

### II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(1)(B), which states: "[t]he court may not modify a

term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute."

The First Step Act "expressly permits courts to impose a reduced sentence" by applying retroactively certain provisions of the Fair Sentencing Act, Pub. L. 111–220, 124 Stat. 2372 (2010). *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019). Specifically, the First Step Act states that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Section 2 of the Fair Sentencing Act increased—from 50 grams to 280 grams—the amount of cocaine base necessary to subject a defendant to the 120-month mandatory minimum sentence under § 841(b)(1)(A). § 2(a)(1), 124 Stat. at 2372.

### III. ANALYSIS

Mr. Blalock provides the Court with little justification for a reduction of his sentence, claiming only that he should receive a reduction under the First Step Act because his sentence "was based, at least in part, on crack-cocaine." [Def.'s Mot. at 2]. In response, the United States correctly contends that the First Step Act does not entitle Mr. Blalock to a reduction because he has already received the benefit of the Fair Sentencing Act, which was in effect when the Court sentenced him. [United States' Resp. at 2]. Indeed, the Court sentenced Mr. Blalock in 2014, and the Fair Sentencing Act was already in effect then. *See Dorsey v. United States*, 567 U.S. 260, 270 (2012) (stating that "[t]he Fair Sentencing Act took effect on August 3, 2010"). The Court imposed a sentence in accordance with the Fair Sentencing Act, having sentenced Mr. Blalock to 120 months' imprisonment for conspiring to distribute or possess with the intent to distribute 280 grams or more of crack cocaine. *See id.* at 269 ("The [Fair Sentencing] Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses . . . from 50 grams

to 280 grams in respect to the 10-year minimum."). He is therefore not entitled to a reduction under the First Step Act. *See* § 404(c), 132 Stat. at 5222 ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010.").

### IV. CONCLUSION

Mr. Blalock fails to establish that he is eligible for a sentence reduction under the First Step Act. His pro se motion [Doc. 744] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
